UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-24352-GAYLES

JAMES SMITH,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion for Summary Judgment (the "Motion"). [ECF No. 47]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND

### I. The Incident

On October 1, 2019, Plaintiff attended an entertainment show at the Blue Sapphire Lounge on Defendant's vessel, the *Ecstasy*. [ECF No. 48 ¶ 4]. Charles Cameron Chavis ("Chavis"), Defendant's Cruise Director, hosted the show. *Id.* ¶¶ 3, 6. As Plaintiff was exiting the show, Chavis touched Plaintiff's buttocks with a microphone.[1] *Id.* ¶ 8. Plaintiff reported the incident to Guest Services and spoke with Chavis's supervisor, Matthew Boyd ("Boyd"). *Id.* ¶¶ 11, 12. Boyd informed Chavis that Plaintiff was upset and Chavis apologized to Plaintiff.[2] Boyd told Chavis not

---

[1] It is undisputed that Chavis touched Plaintiff's buttocks with the microphone. However, Plaintiff contends that Chavis acted intentionally while Chavis has testified that it was not intentional and that he was trying to get through the audience. [ECF No. 48 ¶ 15].

[2] It is undisputed that Plaintiff asked Chavis whether he was gay. *Id.* ¶ 17. Chavis and Boyd both testified that Plaintiff's comments towards Chavis were "hateful" or "hateish." *Id.* ¶¶ 18, 19.

to repeat his conduct, and Chavis was removed from duty for the remainder of the cruise. It is undisputed that, other than Plaintiff's complaint, Chavis has never been accused of acting inappropriately towards a guest or another crewmember. *Id.* ¶ 58. In addition, Chavis has never been written up or reprimanded for situations involving guest interactions. *Id.* ¶ 59.

It is undisputed that Defendant trains its employees, including Chavis, on guest interactions, non-fraternization, and sexual harassment. *Id.* ¶¶ 40-49. It is also undisputed that Carnival has a zero-tolerance policy for sexual harassment. *Id.* ¶ 47.

**II.   This Action**

On October 22, 2019, Plaintiff filed this action against Defendant, alleging one count of negligence. [ECF No. 1]. In his Complaint, Plaintiff alleges that he was assaulted by Chavis and that Defendant's failures to properly hire, train, and supervise its employees were all "negligent causes" of his injuries. *Id.* at ¶ 11. Plaintiff did not allege a claim for vicarious liability against Defendant based on Chavis's conduct, nor did Plaintiff allege a claim for strict liability.

On March 10, 2021, Defendant moved for summary judgment arguing that there is no evidence that it acted unreasonably with respect to hiring, training, or supervising Chavis or any of its other employees or that Defendant knew or should have known that Chavis would act inappropriately. [ECF No. 47]. In response, Plaintiff concedes that there is no support for his negligent hiring and retention claims but maintains that Defendant is liable for negligent training and supervision. [ECF No. 51]. In addition, Plaintiff raised—for the first time—that Defendant is vicariously liable for Chavis's conduct.[3]

---

[3] Plaintiff repeated refers to liability for an "apparent agent." [ECF No. 51, p. 4]. However, it is undisputed that Chavis is Defendant's employee. Therefore, the Court presumes Plaintiff is attempting to argue vicarious liability as opposed to liability under an apparent agency theory.

## DISCUSSION

**I.      Summary Judgment**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curium) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no ***genuine*** issue of ***material*** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

**II.     Negligence**

Plaintiff alleges that Defendant was negligent in its supervision and training of its employees. To prevail on a negligence claim, Plaintiff must show that (1) Defendant had a duty to protect him from a particular injury; (2) Defendant breached that duty; (3) the breach actually and

proximately caused his injury; and (4) Plaintiff suffered actual harm. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, No. 15-61131, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016), *aff'd* 677 F. App'x 599 (11th Cir. 2017).

Moreover, "the duty of care that cruise operators owe passengers is ordinary reasonable care under the circumstances, 'which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'" *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1350–51 (S.D. Fla. 2016) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). Summary judgment is appropriate "when a plaintiff fails to adduce evidence on the issue of notice." *Taiariol*, 2016 WL 1428942, at *4 (citing *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla. 2015) ("Because Plaintiff has failed to cite any evidence in the record showing that [Defendant] had actual or constructive notice of the risk-creating condition alleged in the complaint . . . summary judgment in favor of [Defendant] is appropriate in this matter.")).

Here, the record is devoid of any evidence that Defendant had actual or constructive knowledge that Chavis would mistakenly or intentionally touch a passenger in an inappropriate manner. Indeed, no one has ever lodged a complaint against Chavis—therefore precluding a negligent supervision claim. And there is no evidence that Chavis' training was insufficient. Accordingly, summary judgment must be entered in favor of Defendant.

### III.     Vicarious Liability

Plaintiff's Complaint does not assert a claim for vicarious liability. However, in his response to the Motion and in his supplemental memorandum to the Court, Plaintiff appears to

4

argue a claim for vicarious liability presumably because a claim for vicarious liability under maritime law does not include a notice requirement. *See Yusko v. NCL*, 4 F.4th 1164, 1170 (11th Cir. 2021) ("a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees."). This attempt is procedurally improper and futile.

First, Plaintiff has never moved to amend his complaint to allege that Defendant is vicariously liable for the negligence of Chavis. Rather, Plaintiff makes this argument after the close of discovery and the deadline for amending the pleadings. The Court finds Plaintiff's argument is untimely and prejudicial to Defendant. *See Marcia Bland v. Carnival Corp.*, Case No. 16-cv-21592-Altonaga (S.D. Fla. Aug. 15, 2021) ("Simply put, the Court will not allow Plaintiff to assert a brand-new theory of liability over a year after the deadline for amending pleadings."); *Bahr v. NCL*, No. 19-cv-22973, 2021 WL 4034575, *5 (S.D. Fla. Sept. 3, 2021) ("If Plaintiff intended to plead negligence based upon a theory of vicarious liability, it was incumbent upon Plaintiff to make that clear.").[4]

Second, even if Plaintiff had alleged vicarious liability in his Complaint, the undisputed facts preclude such a claim. To establish a claim for vicarious liability based on Chavis's negligence, Chavis must have been acting within the scope of his employment. *See Franza.*, 772 F.3d at 1228. There is no dispute that tapping passengers on their rears with microphones is not within the scope of a cruise director's employment. Accordingly, Plaintiff's attempt to plead a claim for vicarious liability is futile.[5]

---

[4] In *Yusko*, the plaintiff alleged a "failure of the ship's employee/agent who was the assigned dancing partner of Plaintiff to act reasonably and in a manner that would keep Plaintiff safe." *Yusko*, 4 F.4th at 1167 n.1. The Eleventh Circuit found those allegations to be "the hallmark of vicarious liability." *Id*. Plaintiff makes no such allegations here. Rather, Plaintiff chose to proceed exclusively on a theory of direct liability.

[5] Plaintiff also fails to allege a claim for strict liability based on Chavis's conduct.

**CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [ECF No. 47] is **GRANTED.** The Court will enter a separate judgment in favor of Defendant in accordance with Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE